IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD

Civil Action No._____

SEAN SUMPTER, and
K.S., a minor by GEORGE and KATHIE SUMPTER, his parents and next friend

Plaintiffs

v.

NATHAN AHLBRECHT, individually and in his capacity as an Investigator and Employee of the Elbert County Sheriff's Office and
ELBERT COUNTY SHERIFF'S OFFICE, and
ELBERT COUNTY, and
JOHN DOES 1-12 whose true names and identifies are unknown

Defendants

---

# COMPLAINT

---

## PARTIES

1. Plaintiffs SEAN SUMPTER, K.S., GEORGE SUMPTER and KATHIE SUMMPTER are citizens of the United States who presently reside at the following address: 23676 County Road 73, Calhan, Colorado.

2. Defendant NATHAN AHLBRECHT is an employee of ELBERT COUNTY

Colorado.

9. This incident occurred when SEAN SUMPTER and K.S. were falsely accused of raping C.D., a minor, and wrongfully arrested, imprisoned, and prosecuted for this alleged crime. Further, SEAN SUMPTER was subjected to excessive force when AHLBRECHT and JOHN DOES 1-8, employees of ELBERT COUNTY SHERIFF'S OFFICE and ELBERT COUNTY executed the warrant.

## BACKGROUND

10. On August 11, 2008, C.D., a minor, falsely accused SEAN SUMPTER and K.S. of raping her at her house in Elbert County.

11. On August 14, 2009, AHLBRECHT and investigator and Deputy Sheriff, employed by the ELBERT COUNTY SHERIFF'S OFFICE contacted Mr. GEORGE SUMPTER, father of SEAN and K.S., and requested the two minors be brought to the station to "clear things up." Mr. GEORGE SUMPTER informed Investigator AHLBRECHT that he would bring the boys down as soon as the Investigator informed him what the investigation was concerning.

12. On August 15, 2009, approximately 9:00 am, Mr. GEORGE SUMPTER called Investigator AHLBRECHT and again requested the information

SHERIFF'S OFFICE, whose address is 751 Ute Avenue, Kiowa, Colorado.

3. Defendant ELBERT COUNTY SHERIFF'S OFFICE is a government entity, which is a department of ELBERT COUNTY, whose address is 751 Ute Avenue, Kiowa, Colorado.

4. Defendant ELBERT COUNTY is a county government whose address is 215 Comanche Street, PO Box 7, Kiowa, Colorado.

5. Defendant's JOHN DOES 1-12 are government officials, employed by ELBERT COUNTY SHERIFF'S OFFICE, through the ELBERT COUNTY whose address is 751 Ute Avenue, Kiowa, Colorado.

## JURISDICTION

6. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All parties reside within the District of Colorado, and the events described in this Complaint occurred in the District of Colorado.

8. This claim arises out of incidents which occurred beginning on or about August 14, 2008 through approximately March 12, 2009 in Elbert County,

regarding the investigation, stating that as soon as he knew what the investigation was about, he would bring the boys to the station.

13. Investigator AHLBRECHT informed GEORGE SUMPTER that there was no need for it, they were "moving on to bigger and better things."

14. However, on August 15, 2009, Investigator AHLBRECHT used the incomplete information provided by the alleged victim to obtain felony arrest warrants for SEAN SUMPTER and K.S. These felony warrants were served at gun point by six to eight armed officers, four days after the alleged rape took place, despite Mr. GEORGE SUMPTER's willingness to bring SEAN SUMPTER and K.S. to the station.

15. The minor child SEAN SUMPTER and his mother, KATHIE SUMPTER, were home alone, while the minor child K.S. was with his father, and were out of the house at the time.

16. The officers forced the minor child SEAN SUMPTER out of the laundry room at gunpoint, where he was then thrown to the kitchen floor and held down while he was kicked in the back by the officers.

17. SEAN SUMPTER, then a minor, was then forcibly removed from the house, in handcuffs, and placed in leg hobbles. He remained handcuffed and hobbled for several hours.

18. SEAN SUMPTER was not read his Miranda rights until November 13, 2008, nearly three months after his arrest, which also was a violation of his civil rights.

19. The arrest warrant was served upon the minor child K.S. at the Sheriff's Office, where he had been driven by his father, GEORGE SUMPTER.

20. SEAN SUMPTER and K.S. were incarcerated for approximately 25 days. During this period, GEORGE SUMPTER obtained several alibi statements from credible witnesses including his football coach, which certainly established that it was impossible for SEAN SUMPTER to have been present at the time of the alleged rape.

21. Despite these alibi statements, and timing inconsistencies by the alleged victim, ALBRECHT submitted a second affidavit for probable cause, which resulted in the obtaining of genital photographs of SEAN SUMPTER, and other nontestimonial evidence from both minor boys, and continuing their incarceration and prosecution.

22. The charges against SEAN SUMPTER and K.S. were finally dropped on March 12, 2009 after the alleged victim admitted to making up the story of her rape.

# FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS:

*Violation of 4th Amendment Right--Unlawful Search and Seizure-- Excessive Force by AHLBRECHT and JOHN DOES 1-8*

23. An officer violates a person's clearly established Fourth Amendment right to be free of excessive force if the officer's use of force was not "objectively reasonable" in light of the facts and circumstances confronting the officer. *Graham v. Connor*, 490 U.S. 386, 397 (10th Cir. 2001).

24. The Court looks at several factors to determine whether there has been such a violation, and these factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Cordova v. Aragon*, 569 F.3d 1183, 1188 (10th Cir. 2009), citing *Weigel v. Broad*, 544 F3d 1143, 1151-52 (10th Cir. 2008).

25. An officer's determination of the appropriate level of force to use must be measured from the perspective of a reasonable officer on the scene. *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002).

26. Where a person has submitted to the officers' show of force without resistance, and where an officer has no reasonable cause to believe that

person poses a danger to the officer or to others, it may be excessive and unreasonable to continue to aim a loaded firearm directly at that person, in contrast to simply holding the weapon in a fashion ready for immediate use. Pointing a firearm directly at a child calls for even greater sensitivity to what may be justified or what may be excessive under all the circumstances. *Ealum v. Schirard*, 46 Fed. Appx. 587, 591-2 (10th Cir. 2002).

27. Further, it is clearly established that law enforcement officers may not point weapons at suspects that pose no threat. *Chidester v. Utah County*, 268 Fed. Appx. 718, 729-730 (10th Cir. 2008).

28. On or around August 16, 2008 AHLBRECHT and JOHN DOES 1-8, entered the SUMPTER'S residence, located at 23676 County Road ,Calhan CO, with their guns drawn.

29. They ordered SEAN SUMPTER, a minor at the time, to the ground by gunpoint. JOHN DOE 1 kicked his boots into SEAN's back, and pressed him to the floor. SEAN SUMPTER was only wearing a white undershirt and athletic shorts, with no shoes. SEAN SUMPTER cried and he was then harassed and interrogated without being read his Miranda rights. He was then handcuffed, and leg hobbles were then placed on him. He remained hobbled for several hours.

30. Prior to the search, GEORGE SUMPTER, had volunteered to take his two boys down to the station and was told by AHLBRECHT that there was no need, and that they were "moving on to bigger and better things."

31. Nevertheless, AHLBRECHT and JOHN DOES 1-8 still conducted the search, even though the boys would have voluntarily came to the station.

32. When the AHLBRECHT and JOHN DOES 1-8 executed the search warrant, the force used while serving the arrest warrant upon SEAN SUMPTER was excessive, and a violation of his civil rights.

33. At the time the AHLBRECHT and JOHN DOES 1-8, all employees and Sheriffs of ELBERT COUNTY SHERIFF'S OFFICE used excessive force against the minor child SEAN SUMPTER who had not threatened any officer, did not initiate physical conflict with any officer, did not resist arrest, did not attempt to flee, did not pose a threat to any officer, did not pose a threat to the public or any person, was not armed, and therefore, there was no reason for force to be used, let alone the excessive force used by the officers against him.

34. Given the totality of the circumstances existing at the time of the minor child SEAN SUMPTER'S arrest, the use of excessive force was unreasonable. For the AHLBRECHT, JOHN DOES 1-8, and ELBERT COUNTY SHERIFF'S

OFFICE to use such force was well beyond what was necessary under the circumstances.

35. SEAN SUMPTER's injuries caused by the said excessive force included a violation of his constitutional rights, physical injury, pain and suffering, loss of enjoyment of life, emotional distress, and physical impairment.

### SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS:

*Violation of 4th Amendment Right--Unlawful Search and Seizure--Malicious Prosecution by Investigator AHLBRECHT and JOHN DOES 9-12*

36. A §1983 malicious prosecution claim includes the use of common law malicious prosecution elements 1) The defendant caused the plaintiffs continued confinement or prosecution; 2) The original action terminated in favor of the plaintiff; 3) No probable cause supported the original arrest, continued confinement, or prosecution; 4) The defendant acted with malice; and 5) The plaintiff sustained damages. *Wilkins v. DeReyes*, 528 F3d 790, 799 citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258.

37. In addition to the common law elements for malicious prosecution, there must

also be a deprivation of a Constitutional Right. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258.

38. Here, all of the elements for common law malicious prosecution have been met, in addition a violation of SEAN SUMPTER and K.S.'s 4th Amendment Rights to be free from an unreasonable searches and seizures under the 4th Amendment.

39. During this time, their father obtained undisputable written alibi statements, which placed the two boys away from the scene of the crime at the time when the alleged incident occurred.

40. First, AHLBRECHT and JOHN DOES 9-12 caused continued imprisonment and prosecution of the claim against SEAN SUMPTER and K.S. At the hearing on August 26, 2008, Ms. Kathie SUMPTER gave to their attorney, the alibi statements. These statements were then given immediately to Deputy District Attorney, Larry Bailey. At the hearing, Mr. Bailey Never mentioned these letters to the judge. The two boys then remained incarcerated for approximately another 15 days. Despite having the alibi statements and an opportunity to interview the alibis, a second affidavit for probable cause was submitted by AHLBRECHT on August 29, 2008 which resulted in the court Ordering AHLBRECHT to continue with the prosecution and to detain the

boys, and to collect nontestimonial identification, which for SEAN SUMPTER including buccal swabs, saliva samples, hair (including pubic hair) and photographs of his pubic area.

41. The two boys were released on bond from custody on or about September 8, 2008. Nevertheless, the prosecution continued, despite lack of evidence. The case was finally dismissed on March 13, 2008 when the alleged victim admitted that she had falsified the whole rape story.

42. There was also no probable cause to support the continued confinement and prosecution of the two K.S. and SEAN SUMPTER. False evidence cannot contribute to a finding of probable cause. *Wilkins v. DeReyes*, 528 F 3d 790, 805 (10th Cir. 2008). To knowingly, or with reckless disregard for the truth include false statements in an affidavit outlining probable cause for an arrest is a violation of the Fourth Amendment. *Id* at 805, citing *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996). Further, where false statements have been relied upon to establish probable cause, whether or not there was probable cause is determined by setting aside the false information. *Id* at 805 citing *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996).

43. By taking away the alleged victims statements, which were false, and viewing the undisputed alibi statements, it is clear that there was not probable cause to

continue with the incarceration of the two Plaintiffs.

44. In addition, knowingly arresting a defendant without probable cause, therefore leading to the defendant's subsequent confinement and prosecution is a violation of the Fourth Amendment's proscription against unreasonable search and seizures. *Wilkins v. DeReyes*, 528 F 3d 790, 805 (10th Cir. 2008)

45. Further, if it is clear from evidence in actions for malicious prosecution that no reasonable or probable cause existed for the prosecution, malice may be inferred. *Lounder v. Jacobs*, 205 43 P.2d 238(Colo.1949).

46. As stated above, there was no probable cause to continue prosecuting the case. Sheriff AHLBRECHT and JOHN DOES 9-12 failed to properly investigate the allegations before obtaining felony arrest warrants on the minor children SEAN SUMPTER and K.S. They ignored numerous inconsistencies in the allegations by the alleged victim, and they were aware of numerous affidavits by the football coach and football team, stating that the minor child SEAN SUMPTER was at football practice during the time the alleged victim falsely claimed she was raped by him.

47. During the investigation, the minor who accused the SUMPTER boys of rape also vocalized concerns to Sheriff Investigator AHLBRECHT that no physical evidence would be found. In fact, no physical evidence was found,

but the felony charges were still pursued against the minor children SEAN SUMPTER and K.S. Further, at multiple times during this investigation, the Investigators from the ELBERT COUNTY SHERIFF'S OFFICE were presented with evidence that indicated not only that the minor children SEAN SUMPTER and K.S. were innocent, but that the alleged victim, had fabricated the charges. Despite this, the minor children SEAN SUMPTER and K.S. each spent approximately 25 days in jail.

48. Had the Elbert County Sheriff's Officers properly investigated Ms. Dilger's accusations of rape, they would have discovered the numerous inconsistencies throughout that indicated there had not been a rape.

49. In their rush to prosecute SEAN and K.S. SUMPTER, the ELBERT COUNTY SHERIFF'S OFFICE ventured outside the bounds of their official duties and violated the civil rights of the minor children SEAN and K.S. SUMPTER.

50. As a result of the continued investigation and prosecution, the plaintiffs sustained damages including, but not limited to violation of their Civil Rights, severe emotional distress, loss of enjoyment of life, emotional stress, loss of schooling, loss of standing in the community, inconvenience, physical as well as economic damages including attorney fees, and delay in entering the labor

market caused by a delay in graduation from high school.

## THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS:

*Failure to Train and/or Supervise Employees and Lack of Policies resulting in Constitutional Violations by ELBERT COUNTY SHERIFF'S OFFICE and ELBERT COUNTY*

51. A local government entity may be liable under §1983 when execution of governmental policy or custom results in infliction of an injury. *Monell v. Department of Social Services,* 436 US 658, 98 SCt 2018, 56 LE2d 611 (1978)

52. A municipality may also be liable under § 1983 where its failure to train, supervise, or discipline police officers is reckless or grossly negligent since this will be taken to mean that an official policy or custom exists which results in constitutional violations, or that there is implicit authorization or approval of, or acquiescence in, unconstitutional conduct. *Skevofilax v. Quigley,* 586 FSupp 532 (D NJ 1984).

53. Here, Sheriff AHLBRECHT and JOHN DOES 9-12, all employees of ELBERT COUNTY SHERIFF'S OFFICE and ELBERT COUNTY failed to properly investigate the case before submitting the second affidavit for

probable cause on August 29, 2008. They also ignored numerous inconsistencies in the allegations by alleged victim, and were fully aware of numerous affidavits presented stating that SEAN SUMPTER was certainly at football practice during the time when the alleged victim was allegedly raped.

54. Further, the alleged victim vocalized concerns to Sheriff AHLBRECHT that no physical evidence would be found. No physical evidence was found, but the felony charges were still pursued against the SEAN SUMPTER and K.S.

55. At multiple times during this investigation, the Investigators from the ELBERT COUNTY SHERIFF'S OFFICE were presented with evidence that indicated not only that the SEAN SUMPTER and K.S. were innocent, but that the alleged victim had certainly fabricated the charges. Despite this, the minor children SEAN SUMPTER and K.S. each spent 25 days in jail and their civil rights were violated.

56. Had the ELBERT COUNTY SHERIFF'S OFFICE properly investigated Ms. Dilger's accusation, they would have discovered the numerous inconsistencies throughout that indicated there had not been a rape.

57. Nevertheless, in their rush to prosecute SEAN SUMPTER and K.S., AHLBRECHT and JOHN DOES 9-12 from the ELBERT COUNTY

SHERIFF'S OFFICE violated the civil rights of SEAN SUMPTER and K.S.

58. Further, when Sheriff AHLBRECHT and JOHN DOES 1-8 executed the warrant, their conduct was egregious and clearly excessive given the circumstances since GEORGE SUMPTER had already volunteered to take the minors to the station, and was told that it was unnecessary. For the SHERIFF'S OFFICE to ignore this and to then execute a warrant which resulted and in injuries to Plaintiffs and additional costs is reckless behavior, and clearly a result of improper training and/or supervision and a lack of policies to protect against the types of injuries suffered by Plaintiffs.

59. As demonstrated by this egregious behavior by AHLBRECHT and JOHN DOES 1-12, all employees of ELBERT COUNTY SHERIFF'S OFFICE and ELBERT COUNTY, there are significant and serious problems in the department's policies regarding training and supervision. It is clear that the department has been reckless and grossly negligent in its training and supervision, and lack appropriate policies to guard against the injuries suffered, as these clear violations of the Plaintiff's civil rights would unlikely had occurred if they were properly trained

60. As a result of ELBERT COUNTY SHERIFF'S OFFICE and ELBERT COUNTY failure to properly train or to provide proper supervision, and its

lack of appropriate policies to guard against the injuries suffered, SEAN SUMPTER and K.S. sustained damages including, but not limited to violation of their Civil Rights, severe emotional distress, loss of enjoyment of life, physical impairments, inconvenience, loss of schooling, loss of standing in the community, inconvenience, as well as economic damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs SEAN SUMPTER, and K.S., a minor, by his parents, GEORGE and KATHLEEN SUMPTER, hereby pray for a judgment against the Defendants NATHAN AHLBRECHT, individually and in his capacity as an Elbert County Sheriff, ELBERT COUNTY SHERIFF'S OFFICE, ELBERT COUNTY, and JOHN DOES 1-12 whose true names and identifies are unknown, in an amount which will compensate Plaintiffs for violation of their civil rights, serious mental pain and suffering, inconvenience, emotional stress, impairment of the quality of their lives; physical impairments; economic losses including impairment of earning capacity; loss of time, loss of home services, legal fees in defending the false rape allegations, and special damages as proved together with pre-judgment interest from the date of the arrest, post-judgment interest, such other interest as the Court deems proper, costs, expert witness fees, reasonable attorney's fees for the Plaintiffs

in this action, and for such other and further relief as the Court may deem just and proper.

Date: March 11, 2010                                  _____/S/_____

William Muhr, #018093
William Muhr, *Attorneys & Counselors at Law,* LLP
7035 Campus Drive
Colorado Springs, CO  80903
Telephone: (719) 598-9877
FAX: (719) 598-3932
muhr@pcisys.net
Attorney for Plaintiffs SEAN SUMPTER,
and K.S., a minor by GEORGE and
KATHIE SUMPTER, his parents and
next friend