IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00580-WYD-MJW

SEAN SUMPTER; and
K.S., a minor by GEORGE and KATHIE SUMPTER, his parents and next friend, and
GEORGE SUMPTER; and
KATHIE SUMPTER,

    Plaintiffs,

v.

NATHAN ALBRECHT, individually and in his capacity as an Investigator and Employee of the Elbert County Sheriff's Office;
WILLIAM FRANGIS, individually and in his capacity as an Employee of the Elbert County Sheriff's Office;
ROBERT PETERSON, individually and in his capacity as an Employee of the Elbert County Sheriff's Office;
DOUG DIXON, individually and in his capacity as an Employee of the Elbert County Sheriff's Office;
SHAYNE HEAP, individually and in his capacity as an Employee of the Elbert County Sheriff's Office;
MICHELLE MATTIVE, individually and in her capacity as an Employee of the Elbert County Sheriff's Office;
ELBERT COUNTY SHERIFF'S OFFICE; and
ELBERT COUNTY,

    Defendants.

**ORDER**

I.    INTRODUCTION AND BACKGROUND

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Tenth and Eleventh Claims (ECF No. 43), filed October 4, 2010.  A response and reply were filed.  The motion is granted in part and denied in part as set forth below.

By way of background, this case involves events surrounding an incident where Plaintiffs Sean Sumpter [1] and K.S.[2] allege that they were falsely accused of sexually assaulting a minor, wrongfully arrested, imprisoned, and prosecuted for this alleged crime. In the Second Amended Complaint, Plaintiffs allege that on August 11, 2008, a minor female falsely accused both Sean Sumpter and K.S. of sexually assaulting her at her house in Elbert County, Colorado. On August 14, 2008, Defendant Albrecht, investigator and Deputy Sheriff for the Elbert County Sheriff's Office, contacted George Sumpter, father of Sean Sumpter and K.S., and requested that Sean and K.S. be brought to the station to "clear things up." George Sumpter told Albrecht that he would bring the boys to the station as soon as Albrecht gave him more information about the nature of the investigation. (Second Am. Compl. ¶¶ 10-11.)

On August 15, 2008, Plaintiffs allege that Albrecht "used the incomplete information provided by the alleged victim to obtain felony arrest warrants for Sean Sumpter and K.S. These felony warrants were served at gunpoint by six to eight armed Elbert County law enforcement officers, including Defendants Nathan Albrecht, William Frangis, Robert Peterson, Doug Dixon, and Shayne Heap . . . ." (Second Am. Compl. ¶ 14.) The Elbert County law enforcement officers allegedly forced "Sean Sumpter out of the laundry room at gun point, where he was thrown to the kitchen floor and held down while he was kicked in the back by Defendant Peterson." (Second Am. Compl. ¶ 16.)

---

[1] While Plaintiff Sean Sumpter was a minor child during the incidents giving rise to this lawsuit, he turned 18 years of age before the case was filed. Thus, he will be identified as Sean Sumpter in this Order.

[2] K.S. was and is currently a minor child. Thus, he will be identified as K.S.

The officers then removed Sean Sumpter from the home in handcuffs and leg braces. (Second Am. Compl. ¶ 17.)

Plaintiffs further allege that "Sean Sumpter and K.S. were incarcerated for approximately 25 days." (Second Am. Compl. ¶ 20.) During this period, George Sumpter obtained several alibi statements from credible witnesses, including Sean Sumpter's football coach. However, on August 20, 2008, Albrecht submitted a second affidavit for probable cause, "which resulted in the obtaining of genital photographs of Sean Sumpter, and other nontestimonial evidence from both minor boys" all while Sean Sumpter and K.S. were incarcerated. (Second Am. Compl. ¶¶ 20-21.) On March 12, 2009, the charges were dropped against both Sean Sumpter and K.S. after the alleged victim admitted to fabricating the story of her rape. (Second Am. Compl. ¶ 22.)

In the Second Amended Complaint, Plaintiffs assert eleven separate claims for relief against the various Defendants. At issue in this Order are Plaintiffs' Tenth Claim for Relief—George and Kathie Sumpter's claim asserted pursuant to 42 U.S.C. § 1983 alleging a violation of their Fourteenth Amendment rights—as well as Plaintiffs' Eleventh Claim for Relief—George and Kathie Sumpter's loss of consortium claim. In the pending motion to dismiss, Defendants seek dismissal of Plaintiffs' Tenth and Eleventh Claims for Relief as well as dismissal of Plaintiffs George and Kathie Sumpter as parties from this action.[3]

---

[3] I note that Defendants originally sought dismissal of Plaintiffs' second, third, fourth, fifth and sixth claims for relief as barred by the statute of limitations. However, in the reply brief, Defendants conceded that the one-year statute of limitations was tolled while Sean Sumpter and K.S. were minors, and that the statute allows them two years after they reach the age of maturity to bring suit. Accordingly, Defendants withdrew

II.     ANALYSIS

As an initial matter, in the response, Plaintiffs assert that the pending motion to dismiss is untimely as it was filed four minutes after Defendants' Answer to the complaint.  In support of their argument, Plaintiffs rely on authority from other jurisdictions in which courts found motions to dismiss untimely that were filed at least several days after answers were filed addressing the same claims.  I reject this argument.  In the Answer, Defendants state that they "reserve the right to amend this Answer upon . . . the Court's ruling on the Defendants' Motion to Dismiss Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Tenth and Eleventh Claims for Relief filed simultaneously herewith."  (Answer ¶ 7.)  Here, the motion to dismiss and the answer were electronically filed four minutes apart, making the filings virtually simultaneous. "[S]hould the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in timely fashion."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed. 2010).  Accordingly, I find the pending motion to dismiss timely, and I now turn to the merits of the motion.

A.     Standard of Review

The pending motion seeks partial dismissal of Plaintiffs' claims for either a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to

---

their request for dismissal of these claims based on the statute of limitations.

Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack.  *Paper, Allied Indus., Chemical and Energy Workers Intl. Union v. Continental Carbon* Co., 428 F.3d 1285, 1292 (10th Cir. 2005).  Where there is a facial attack on the sufficiency of the Complaint, the Court must look to its factual allegations and accept them as true.  *See id*; *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).  Furthermore, conclusory allegations are "not entitled to the assumption of truth."  *Id*. at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true."  *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d

1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Additionally, the Tenth Circuit has instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response . . . .' This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Consequently, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted. *Id.* at 1177-78.

B.  Whether Plaintiffs' Tenth Claim for Relief—Violation of the Fourteenth Amendment/Due Process Pursuant to 42 U.S.C. § 1983—Should be Dismissed Against all Defendants

In the Tenth Claim for Relief, Plaintiffs George and Kathie Sumpter bring a claim under 42 U.S.C. § 1983 alleging a violation of their Fourteenth Amendment rights. Specifically, George and Kathie Sumpter allege that, as parents of both Sean Sumpter and K.S., they have a constitutionally protected relationship with their children arising from their "interest in the companionship, care, custody, and management of their children." (Second Am. Compl. ¶¶ 152-157.)  George and Kathie Sumpter claim that they were deprived of this constitutionally protected relationship when Sean and K.S. were incarcerated.

In the motion to dismiss, Defendants argue that Plaintiff's Tenth Claim for Relief, which is asserted against all Defendants pursuant to 42 U.S.C. § 1983, fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Under § 1983, parents may bring a claim based on a deprivation of their constitutional right to the freedom of intimate association with their children.  *Trujillo v. Bd. of Cnty. Comm'rs of the Cnty. of Santa Fe*, 768 F.2d 1186, 1188 (10th Cir. 1985). However, the Tenth Circuit has held that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983."  *Id.* at 1190.

The Defendants argue that the "Second Amended Complaint lacks allegations demonstrating that any of the defendants intended to deprive George or Kathie Sumpter of their freedom to associate with their sons." (Mot. at 8.)  I disagree.  After reviewing

the Second Amended Complaint and construing the allegations in the light most favorable to the Plaintiffs, particularly the allegations set forth in paragraphs 10-21, 99-100, 152-157 and 161-162, I find that the Plaintiffs have plausibly alleged the Defendants' intent to interfere with the family relationship as set forth in *Trujillo*. Defendants' motion to dismiss is denied as to this claim.

      C.      <u>Whether Plaintiffs' Eleventh Claim for Relief—Loss of Consortium—Should be Dismissed Against all Defendants</u>

Defendants seek dismissal of Plaintiff George and Kathie Sumpter's loss of consortium claim against the Defendants under Fed. R. Civ. P. 12(b)(1). Specifically, Defendants argue that the Colorado Governmental Immunity Act ("CGIA") provides immunity to these Defendants from Plaintiffs' tort claims. Colo. Rev. Stat. § 24-10-101 et seq.

Under Colorado law, a claim for loss of consortium constitutes a separate injury within the meaning of the CGIA and gives rise to a separate and individual right of recovery. *Lee v. Colorado Dept. of Health*, 718 P.2e 221, 230 (Colo. 1986). Thus, a party may not maintain a claim for loss of consortium unless he or she complies with the notice requirement of the CGIA. *Smith v. Winter*, 934 P.2d 885, 887 (Colo. App. 1997).

The CGIA governs circumstances under which a person may maintain a tort action against the State of Colorado, its political subdivisions, instrumentalities, and employees. *See Mesa County Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1203 (Colo. 2000). The CGIA provides in relevant part that

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such

> employment shall file a written notice as provided in this
> section within one hundred and eighty days after the date of
> the discovery of the injury, regardless of whether the person
> then knew all of the elements of a claim or of a cause of
> action for such injury. Compliance with the provisions of this
> section shall be a jurisdictional prerequisite to any action
> brought under the provisions of this article, and failure of
> compliance shall forever bar any such action.

Colo. Rev. Stat. § 24-10-109. The CGIA "notice period is triggered when claimants discover or should have discovered they have been wrongfully injured." *Smith*, 934 P.2d at 887.

Turning to my analysis, I must act as a fact finder to determine whether Plaintiffs George and Kathie Sumpter compiled with the CGIA's notice requirement with respect to their loss of consortium claim. After carefully reviewing the pleadings in this matter, I find that Plaintiffs failed to file such notice. Thus, George and Kathie Sumpter's loss of consortium claim is barred.[4] Accordingly, Defendants' motion is granted as to this issue, and Plaintiffs' loss of consortium claim is dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## III. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Tenth and Eleventh Claims (ECF No. 43), is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that Plaintiffs' Eleventh Claim for Relief—George and Kathie Sumpter's loss of consortium claim—is

---

[4] To the extent that Plaintiffs contend that a loss of consortium claim is a federal claim brought under 42 U.S.C. § 1983, this argument is contrary to law and is summarily rejected.

**DISMISSED** against the Defendants under Fed. R. Civ. P. 12(b)(1). The motion is denied in all other respects.

Dated: March 16, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge