IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-00580-WYD-MJW

SEAN SUMPTER;
KYLE SUMPTER;
GEORGE SUMPTER; and
KATHIE SUMPTER;

    Plaintiffs,

v.

NATHAN AHLBRECHT, individually and in his capacity as an Investigator and
    Employee of the Elbert County Sheriff's Office;
WILLIAM FRANGIS, individually and in his capacity as an Employee of the Elbert
    County Sheriff's Office;
ROBERT PETERSON, individually and in his capacity as an Employee of the Elbert
    County Sheriff's Office;
DOUG DIXON, individually and in his capacity as an Employee of the Elbert County
    Sheriff's Office;
SHAYNE HEAP, individually and in his capacity as an Employee of the Elbert County
    Sheriff's Office;
MICHELLE NAIL, individually and in her capacity as an Employee of the Elbert County
    Sheriff's Office;
ELBERT COUNTY SHERIFF'S OFFICE; and
ELBERT COUNTY;

    Defendants.

## ORDER

THIS MATTER comes before the Court upon review of the file.  On February 24, 2012, Defendants filed a Notice of Appeal in the Tenth Circuit Court of Appeals.  The appeal relates to my Order of January 26, 2012, denying in part and granting in part Defendants' Motion for Summary Judgment which sought qualified immunity on various

claims. I also denied in part and granted in part Plaintiffs' Motion for Summary Judgment. Defendants' interlocutory appeal is currently pending in the Tenth Circuit.

The Tenth Circuit holds that the "filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). Any subsequent action by the district court once it is divested of jurisdiction is null and void. *Id.* "The district court only retains jurisdiction over tangential matters such as determining 'the propriety and amount of attorney's fees,' ... and performing 'certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal.'" *Id.* at 575 n. 3 (quotation omitted).

The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. *Id.* An interlocutory appeal disrupts ongoing proceedings in the district court. When the interlocutory appeal is from the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial. *Id.* "[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed with matters not involved in that appeal." *Id.* In such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have to defend the prosecution or action at trial. *Id.*; *see also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) (an interlocutory appeal refusing to dismiss on qualified immunity grounds divests the

-3-

district court "from granting further relief concerning the issues on appeal", even where the relief granted favored the appealing party).

In the case at hand, I find that the interlocutory appeal divests this Court of jurisdiction to preside over both the Final Trial Preparation Conference set for March 30, 2012 and the Jury Trial set for April 23, 2012. Accordingly, it is

ORDERED that because the District Court is divested of jurisdiction over this matter, both the Final Trial Preparation Conference set for March 30, 2012 and the Jury Trial set for April 23, 2012 are hereby **VACATED** pending a resolution of the interlocutory appeal.

Dated: February 29, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge